### In re GORMAN'S ESTATE.

(Supreme Court, Appellate Division, First Department. March 9, 1900.)

EXECUTORS AND ADMINISTRATORS—FINAL SETTLEMENT—REFERENCE—DEFAULT.
    Where an executrix was ignorant of an order referring her accounts and the objections thereto to a referee, and all proceedings on the reference were had without serving her with subpœna or notification of any kind, and her attorney omitted to notify her because of his belief that the reference was invalid, the reference will be opened, to allow her the opportunity of sustaining her account as filed.

Appeal from surrogate's court, New York county.

Proceedings by Amelia Gorman, as executrix of the last will of John J. Gorman, deceased, for the judicial settlement of her account. From an order of the surrogate denying a motion to vacate an order of reference, she appeals. Affirmed in part, and reversed in part.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and PATTERSON, JJ.

John T. Canavan, for appellant.
John Vincent, for respondent.

PER CURIAM. An order was made by the surrogate of New York county referring the accounts of the executrix of the will of John J. Gorman, deceased, and objections thereto, to a referee, who proceeded

under the order, and, as would appear, has prepared a report, and notified the parties of that fact. All the proceedings before the referee were had on the personal default of the executrix, who has never been heard on the accounting, otherwise than by counsel who objected to the validity of the order of reference. No proofs were taken by the referee so far as the record shows. Subsequently to the preparation of the referee's report, the executrix moved to vacate the order of reference, or, in the event of that being denied, to have the reference opened, that she might have an opportunity of sustaining the account as she filed it, and for other relief. There was a very substantial controversy existing concerning the regularity and propriety of a reference being ordered, but, on the argument of this appeal, counsel for the executrix has abandoned his claim concerning the invalidity of the order, and therefore we shall assume that the accounting was properly before the referee.

We are of opinion, however, that the default of the executrix should have been opened, and she be permitted to come in and sustain her account. The circumstances of the case are very peculiar, and the fact seems to be fully established that the executrix personally had no notice of the entry of the order of reference or of the proceedings under it. That order was made ex parte, and nearly two years after the account and objections were filed. Her counsel appeared before the referee, and insisted upon the invalidity of the order. The referee decided that it was his duty to proceed, and then counsel for the executrix stated that his client was absent from the city, and that she was ill in New Jersey. An adjournment was had to enable the objecting parties to make service of a subpœna or other process upon the executrix. At a subsequent date, the objector's counsel stated that he had been unable to serve the executrix, or bring her within the jurisdiction, and that they had been informed by her attorney that she was somewhere in New Jersey. The first meeting before the referee was set for the 1st day of April, 1899. The executrix, in her affidavit upon which the motion under consideration was based, swears that during the period from the 1st of April to the 30th of that month she was in Wayne, N. J., in attendance upon a sister dangerously ill, and that during all of that time she seldom returned to her home in the city of New York; that she had no subpœna or notice of any kind served upon her, nor did she have any knowledge of the reference ordered, or of the making of an order for the same; and that she is willing to appear upon notification and sustain her account. We are not advised by the record of what the report of the referee is, or whether any proceedings have been taken under it; but it would seem, from statements said to have been made by the referee to the attorney for the executrix, that she has been charged with large sums of money, notwithstanding the fact that vouchers for the expenditure of that money were produced with her account. As she was in ignorance of the existence of the order of reference, and had no notification whatever of any proceeding under that order, and as her attorney omitted to notify her, doubtless because of his belief and insistency that the order of reference was invalid and would be set aside, we think that justice requires, in this particular case, that

the reference should be opened, and the executrix allowed an opportunity of sustaining her account, and showing that she is not indebted to the estate in the large sums which, it would seem, have been charged against her.

The order should be affirmed so far as it denied the motion to vacate the order of reference, and reversed as to the denial of the motion to open the default, without costs to either party, and the motion granted.